UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---------------------------------------- x
JAMES SMITH JR.,
TERENCE GAVIN                                         :   Docket No.:
                                                      :
                    Plaintiffs,                       :
                                                      :
         v.                                           :   2:12-cv-01800 (JLL) (MAH)
                                                      :
SYSCO FOOD SERVICES OF METRO NEW YORK,                :
ROBERT HEIM, SHELLEY BUDHAR, JOHN DOES 1-             :
10, JANE DOES 1-10, ABC CORP A THROUGH Z,             :
                                                      :
                    Defendants.                       :
---------------------------------------- x

## DISCOVERY CONFIDENTIALITY AGREEMENT AND CONSENT ORDER

**WHEREAS**, Plaintiffs James Smith Jr. and Terence Gavin ("Plaintiffs") and Defendants Sysco Food Services of Metro New York, Robert Heim, and Shelley Budhar ("Defendants"), are parties in the above-captioned action; and

**WHEREAS**, certain materials and information likely to be disclosed during the pendency of this case or as part of discovery contain confidential information; and

**WHEREAS**, the parties wish to ensure that such confidential information shall not be used for any purpose other than the above-captioned action and only as permitted by this Confidentiality Agreement; and

**WHEREAS**, each of the parties recognizes that use, disclosure or dissemination of such information other than as expressly permitted herein may cause harm to the entity to which the information belongs and each of the parties represents that it has no intention to use any confidential information obtained from the other for any purpose other than the above-captioned action and any judicial review thereof;

**WHEREAS,** the parties have established good cause as set out in their Certification in Support of Discovery Confidentiality Order August 16, 2012 in support of this Discovery Confidentiality Agreement and Consent Order;

**IT IS HEREBY STIPULATED AND AGREED,** by and between the parties and their respective attorneys, as follows:

1. Any party hereto may designate as "Confidential" any documents, testimony, or other discovery material ("Discovery Material") that consists of or contains confidential or proprietary information, or would disclose proprietary information or information that is otherwise confidential. No designation shall be made unless counsel for the party making such designation believes in good faith that the designated material is entitled to confidentiality protection.

2. The party which produced the Confidential Material (the "Producing Party") may designate Discovery Material as "Confidential" if such party, in its sole discretion, believes that the Discovery Material constitutes confidential information or would disclose proprietary information or information that is otherwise confidential. Discovery Material may be designated "Confidential" by placing the legend "Confidential" on each page prior to production or, with respect to a multi-page document, by placing the legend "Confidential" on the first page of the document, provided that the multi-page document is securely bound. Deposition testimony may be designated as "Confidential" by providing notice at the deposition or as soon as practicable thereafter that all or specified portions of the deposition testimony shall be treated as Confidential Material.

3. An inadvertent failure to designate any Discovery Material as "Confidential" pursuant to paragraph 2 may be corrected by written notice to the party receiving Confidential

Material (the "Receiving Party") given as soon as practicable. However, such written notice shall not prejudice the right of the Receiving Party to treat the Discovery Material as non-confidential during the period in which it was not designated as "Confidential" pursuant to this Agreement.

4. In the event that a Receiving Party contends that any Confidential Material should be exempted from confidential treatment under the terms of this Order, the Receiving Party may serve the Producing Party with a written Notice of Objection to that effect within fourteen (14) days after receipt of the Confidential Material. The failure of the Receiving Party to give such notification shall constitute a waiver of any objection to confidential treatment. If the Producing Party wishes to maintain confidential treatment for any or all of the Confidential Material that is the subject of the Notice of Objection, the Producing Party must so notify the Receiving Party within fourteen (14) days after the receipt of the Notice of Objection. The failure of the Producing Party to give such notification shall constitute a waiver of confidential treatment. In the event that the Producing Party notifies the Receiving Party that it wishes to maintain the confidential treatment of such Discovery Material, and subsequent negotiations between the parties fail to resolve their disagreement, the Receiving Party may submit an application in accordance with the Joint Letter protocol set forth in the Pre-trial Scheduling Order for an Order exempting such Confidential Material from confidential treatment under the terms of this Agreement.

5. Materials designated "CONFIDENTIAL" shall not be disclosed to anyone except:

(a) the Court, its officers and employees, and any stenographic reporters;

(b) counsel of record and employees or independent contractors of counsel of record;

(c) any party to the action;

(d) a deposition witness who is to be questioned about discovery material designated "CONFIDENTIAL;" and

(e) persons retained by a party or its attorneys to furnish technical or expert services and/or give testimony with respect to the subject matter of the action for deposition or trial, provided said persons sign an undertaking in the form of Exhibit A hereto before being provided with such materials.

6. As used herein, "Attorneys' Eyes Only" refers to a highly sensitive sub-set of Confidential Discovery Material and/or Information that the designating party does not wish to be shared with the Parties or third parties. Accordingly, only counsel for a receiving party and stenographic, clerical, and legal assistant employees, agents of those attorneys whose functions require access to such information, shall be permitted to review and inspect information or documents designated as Attorneys' Eyes Only. However, nothing in this Order shall prevent a receiving party from disclosing "Attorneys' Eyes Only" materials to a deponent or witness if the materials contain only information about the specific deponent or witness. Should any party object to the designation of material as "Attorneys Eyes Only" the parties shall follow the same procedure for objections to material designated as "Confidential" as described in paragraph 4 above.

7. Any request to seal information submitted in connection with a request for non-discovery relief shall be filed via formal motion in accordance with Local Rule 5.3 ~~and shall comply with the requirements for such motions of these Chambers. A party intending to file such motion shall contact Chambers for instructions concerning the format of the Motion.~~ and shall comply with the procedure set forth in Appendix 2 of the New Jersey Federal Practice Rules.

8. If a third party provides discovery to any party in connection with this action, the provisions of this protective order will apply to such discovery as if such discovery were being

4

provided by a party. Under these circumstances, the third party will have the same rights and obligations under this protective order as the parties to this action. At least seven (7) days prior to filing or submitting with the Court any document or information containing the whole or any part of the discovery produced by the third party that the receiving party does not designate as Confidential Discovery Material, the receiving party shall provide a copy or identify to the non-receiving party of the potential submission or filing so that the non-designating party may examine the information for confidentiality. The non-designating party may request that the information be designated as Confidential.

9. This Agreement has no effect upon, and its scope shall not extend to, any Producing Party's use of its own Confidential Material or any Receiving Party's use of material not obtained in the discovery process herein.

10. Nothing in this Agreement shall prevent any party from seeking or requiring confidentiality protections beyond those called for in this Order.

11. Upon conclusion of this action and any appeals thereof, all Confidential Material and all copies thereof, together with any written agreement signed by an individual to whom Confidential Material was disclosed pursuant to Section 6(c) and 6(d) of this Agreement, shall, at the request of the Producing Party, be returned to counsel of record for the Producing Party within twenty (20) days of the request of the Producing Party, except as otherwise required by law and accept as to materials provided to the Court.

12. This Agreement may be executed by the parties hereto in separate counterparts, each of which when so executed and delivered shall be an original but all such counterparts together shall constitute one and the same instrument.

Dated: August 16, 2012

By: s/ Luretha M. Stribling
    Luretha M. Stribling
    133 Westfield Avenue, Suite 3
    Clark, New Jersey 07066
    Telephone: (732) 476-5103
    lmstribling@verizon.net

Attorney for Plaintiffs

By: s/Howard M. Wexler
    Howard M. Wexler
    SEYFARTH SHAW LLP
    620 Eighth Avenue, 32nd Floor
    New York, New York 10018
    Telephone: (212) 218-5500
    Facsimile: (212) 218-5526
    hwexler@seyfarth.com

Attorneys for Defendants

SO ORDERED: _____, 8/20/12
THE HONORABLE MICHAEL HAMMER, U.S.M.J.

6

## EXHIBIT A

## WRITTEN ASSURANCE

1. I _____, being duly sworn, state that I reside at _____ in the City of _____, State of _____.

2. I am fully familiar and agree to comply with and be bound by the provisions of the attached Stipulation and Order Governing the Treatment of Confidential Material between Plaintiffs James Smith Jr. and Terence Gavin ("Plaintiffs") and Defendants Sysco Food Services of Metro New York, Robert Heim, and Shelley Budhar ("Defendants"), dated August 16, 2012 and consent to the personal jurisdiction of the United States District Court for the District Court of New Jersey for the enforcement thereof. I will neither disclose to nor discuss with any third party any documents, or the contents thereof, obtained in the above-captioned matter, except solely for the purpose of this action and then only at the express direction of counsel for the Plaintiffs or counsel for the Defendants. I also agree, to the extent I am provided copies of any documents produced in this matter, to return all such copies to counsel for the Plaintiffs or counsel for the Defendants at the conclusion of the matter.

_____
Name:

Sworn to and subscribed before
me this _____ day of _____, 2012

_____
Notary Public

14732694v.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

------------------------------------------ x
JAMES SMITH JR.,
TERENCE GAVIN                                    :   Docket No.:
                                                 :
                    Plaintiffs,                  :
        v.                                       :
                                                 :   2:12-cv-01800 (JLL) (MAH)
SYSCO FOOD SERVICES OF METRO NEW YORK,           :
ROBERT HEIM, SHELLEY BUDHAR, JOHN DOES 1-        :
10, JANE DOES 1-10, ABC CORP A THROUGH Z,        :
                                                 :
                    Defendants.                  :
------------------------------------------ x

## CERTIFICATION IN SUPPORT OF DISCOVERY CONFIDENTIALITY ORDER

The parties respectfully request that the Court enter the attached Discovery Confidentiality Order to govern the confidential treatment of documents produced by the parties in discovery. In support of the attached Confidentiality Order, the parties state as follows:

The Court has "good cause" to issue a protective order in this case because discovery will inevitably require the parties to exchange personal information regarding Plaintiff's personnel information, compensation history, medical information, and other personal information. Moreover, given the allegations discrimination under the New Jersey Law Against Discrimination ("NJLAD"), Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA") and the Employee Retirement Income Security Act ("ERISA"), discovery may require the disclosure of personnel information of other employees and co-workers who have no direct involvement in this case and whose privacy and confidentiality should be protected by the Court. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (citing Fed. R. Civ. P. 26(c)) ("[i]n the context of discovery, it is well-established that a party wishing to obtain an order of protection . . . must demonstrate "good

1

cause."). Further, Defendants may be called upon to disclose certain confidential and proprietary business information. Such disclosures will work a "clearly defined and serious injury" on the parties. *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984) ("[g]ood cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure.").

In analyzing whether good cause exists for a protective order, the federal courts have generally adopted a balancing test that weighs whether the risk of harm outweighs the need for disclosure. *Pansy*, 23 F.3d 787 (citing Arthur R. Miller, *Confidentiality, Protective Orders, and Public Access to the Courts*, 105 Harv.L.Rev. 427, 432-33 (1991)). The Court must look at each case to determine the likelihood of any potential privacy violations or risk of embarrassment to the parties. *Id.* (internal citations omitted). Circumstances that generally weigh against granting a request for a confidentiality agreement include cases in which the information at issue is important to public health and safety, and when sharing information among litigants would promote fairness and efficiency. *Id.* (internal citations omitted).

Here, the information likely to be disclosed during discovery is unrelated to any issue of public health or safety, and the dispute is an employment dispute between private parties. On the other hand, the potential disclosure of individuals' personal information weighs heavily in favor of the narrowly limited confidentiality agreement jointly submitted by the parties. The Confidentiality Order does not seek to cover information publicly available by other means. For these reasons, the parties respectfully request that the Court find that good cause exists for the entry of the proposed Confidentiality Order.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements by me are willfully false, I am subject to punishment.

Dated: Clark, New Jersey

August 16, 2012

By: s/ Luretha M. Stribling
Luretha M. Stribling
133 Westfield Avenue, Suite 3
Clark, New Jersey 07066
Telephone: (732) 476-5103
lmstribling@verizon.net

Attorney for Plaintiffs

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements by me are willfully false, I am subject to punishment.

Dated: New York, New York

August 16, 2012          SEYFARTH SHAW LLP

By: s/Howard M. Wexler
Howard M. Wexler
SEYFARTH SHAW LLP
620 Eighth Avenue, 32nd Floor
New York, New York 10018
Telephone: (212) 218-5500
Facsimile: (212) 218-5526
hwexler@seyfarth.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2012, a true and correct copy of the foregoing Certification In Support Of Discovery Confidentiality Order and Discovery Confidentiality Order were electronically filed with the Clerk of the Court. Notice of this filing was sent by operation of the Court's Electronic Case Filing (ECF) system, to all such parties registered for receipt of electronic notifications in this action, as indicated on the Notification of Electronic Filing (NEF) receipt. All other parties have been be served by First-Class, U.S. mail. Parties may access this filing through the Court's ECF system

By: s/ Howard M. Wexler
Howard M. Wexler